UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LESLEY WOMANCHILD,

    Plaintiff,

v.

R. JAMES NICHOLSON,

    Defendant.

CASE NO. C06-1823RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion of Defendant R. James Nicholson, the Secretary of the Department of Veteran's Affairs ("VA"), for summary judgment (Dkt. #16). Neither the VA nor Plaintiff Lesley Womanchild has requested oral argument. The court has reviewed the motion together with all documents filed in support and in opposition. For the reasons set forth herein, the court GRANTS the motion, DISMISSES this action, and directs the clerk to enter judgment for Defendant.

## II. BACKGROUND

Ms. Womanchild began working for the VA in October 2004. She was enrolled concurrently in a graduate degree program at Western Washington University. The VA hired her through its Student Career Experience Program ("SCEP"). SCEP employees

ORDER – 1

work for the VA until the completion of their studies, after which the VA has the option to offer them permanent employment without engaging in a competitive hiring process. *See* 5 CFR § 213.3202.  SCEP employment status requires concurrent status as a student. *Id.*  Ms. Womanchild admits she was aware of these SCEP limitations.  Woods Decl., Ex. A (hereinafter "Womanchild Depo.") at 37:17-38:1.  Ms. Womanchild obtained her graduate degree in June 2006, and the VA chose not to offer her permanent employment.

Ms. Womanchild suffers from medical conditions associated with a prior brain injury that interfered with her employment.  Womanchild Depo. at 18:16-22:5.  She has a visual impairment that requires accommodation, and she is also hypersensitive to certain odors.  *Id.*  In April 2005, Ms. Womanchild requested a telephone headset as an accommodation for her visual impairment.  *Id.* at 65:9-67:11.  By July 2005, it is undisputed that she had obtained an acceptable headset at the VA's expense.  *Id.* at 62:23-63:13; Capron Decl. (1st) ¶ 5, Exs. C-D.  In April 2006, she requested an air filtration unit to counteract diesel exhaust fumes that infiltrated her office because of its proximity to a loading dock elevator.  Womanchild Depo. at 62:23-63:13; Capron Decl. (1st) ¶¶ 6-8.  According to uncontradicted evidence, the human resources employees had begun the process of acquiring the air filtration unit when Ms. Womanchild's supervisors decided not to hire her at the conclusion of her SCEP employment.  *Id.*

The parties disagree sharply about what motivated the VA's decision not to make Ms. Womanchild a permanent employee.  Ms. Womanchild contends that the VA made the decision because of her disability.  The VA contends that Ms. Womanchild's job performance was deficient for reasons unrelated to her disability.

### III.   DISCUSSION

The VA seeks summary judgment on all of Ms. Womanchild's claims.  In response to the VA's motion, Ms. Womanchild concedes that judgment is appropriate on all claims

ORDER  – 2

except for her claim of disability discrimination in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act").  The court now turns to an analysis of that claim.

On a motion for summary judgment, the court is constrained to draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  When confronted with purely legal questions, the court does not defer to the non-moving party.

**A.    Exhaustion of Remedies**

The court first briefly addresses the parties' contentions regarding whether Ms. Womanchild properly exhausted her administrative remedies before bringing suit.  There is no dispute that Ms. Womanchild made a complaint to the Equal Opportunity Employment Commission ("EEOC"), and filed suit within 90 days of receiving a right-to-sue letter.  The VA contends, however, that Ms. Womanchild abandoned her right to use the EEOC process because she first filed a grievance with her union.  The VA contends that applicable regulations entitled Ms. Womanchild to either file a grievance or an EEOC complaint, but not both.

There is no dispute that Ms. Womanchild attempted to file a union grievance on June 9, 2006, but there is much disagreement about whether she had a right to do so.  Ms.

ORDER – 3

Womanchild asserts that she abandoned the union grievance when union members told her that she was not a member of the union, and that they could not assist her. She also attempts to prove, through the union steward, that she was not a member of the union. There is evidence that even if she was not a union member, she belonged to the bargaining unit established in the collective bargaining agreement ("CBA") between the union and the VA. There is no evidence, however, that conclusively establishes that members of the bargaining unit who are not members of the union have the right to use the union grievance procedure.

Ultimately, the court finds that there is insufficient evidence to decide, for purposes of this motion, whether Ms. Womanchild inappropriately withdrew her union grievance and relied on an EEOC complaint. Although a plaintiff's failure to exhaust remedies can deprive a court of jurisdiction over a dispute, the exhaustion requirement is subject to equitable remedies such as waiver, equitable estoppel, and equitable tolling. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). In this case, each of these equitable remedies raises factual questions that the evidence before the court does not answer. For that reason, the court declines to resolve the parties' exhaustion-related disputes, and proceeds to the merits of Ms. Womanchild's Rehabilitation Act claim.

**B.      Merits of Ms. Womanchild's Rehabilitation Act Claim**

Federal employees seeking redress for disability discrimination must rely on § 501 of the Rehabilitation Act (29 U.S.C. § 791); *Johnston v. Horne*, 875 F.2d 1415, 1420-21 (9th Cir. 1989); *see also* 42 U.S.C. § 12111(5)(B)(i) (exempting federal government from the Americans with Disabilities Act). Neither Ms. Womanchild's complaint nor her opposition to this motion cites a particular section of the Rehabilitation Act. The VA asserts that her claim is under § 504 (29 U.S.C. § 794), which facially applies to programs receiving federal funding, certain executive programs, and the United States

ORDER  – 4

Postal Service. The Ninth Circuit has found that § 504 is not applicable to federal employees. *Johnston*, 875 F.2d at 1421; *see also Newland v. Dalton*, 81 F.3d 904, 906 n.1 (9th Cir. 1996) (following *Johnston*). Instead, § 501 of the Rehabilitation Act applies to federal employees' disability discrimination claims. *Id.*; 29 U.S.C. § 791.

To state a prima facie case under § 501, a plaintiff must "demonstrate that (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. United States Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). Both disparate treatment of a disabled person and refusal to make a reasonable accommodation for a disabled person are actionable. *See Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002). A plaintiff need only demonstrate that her disability was a "motivating factor" behind the discrimination. *See* 29 U.S.C. § 591(g) (adopting standards for Americans with Disabilities Act for claims under § 501 of the Rehabilitation Act); *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005) (holding that "a motivating factor standard is the appropriate standard for causation in the ADA context"); *see also Pinkerton v. United States Dep't of Educ.*, 508 F.3d 207, 209-214 (5th Cir. 2008) (reviewing authority from all circuits regarding sole causation standard in Section 501 claims).[1]

---

[1] Relying upon authority from the First Circuit, the VA erroneously asserts that Ms. Womanchild must prove that her disability was the *sole* reason for any alleged discrimination. VA Mot. at 13 (citing *Cook v. Rhode Island Dep't of Mental Health*, 10 F.3d 17, 22 (1st Cir. 1993)). The First Circuit, unlike the Ninth Circuit, considers federal employee disability discrimination claims under § 504 of the Rehabilitation Act, instead of considering such claims solely under § 501. *Leary v. Dalton*, 58 F.3d 748, 752 (1st Cir. 1995) (comparing inter-circuit authority). Section 504 targets discrimination "solely by reason of" a disability, whereas § 501 does not. *Compare* 29 U.S.C. § 794(a) *with* 29 U.S.C. 791. Even the First Circuit, however, has expressed doubts that the "sole" causation standard applies to government employees. *Leary*, 58 F.3d at 752 ("[T]he applicability of § 504 and its sole causation test in this federal employment suit [i]s an open question.").

ORDER – 5

Plaintiff has produced sufficient evidence that she is a person with a disability. Her deposition testimony, in addition to documentation from her physicians and from the Washington Department of Social and Health Services, establishes that her prior head trauma has enduring effects that interfere with her ability to work. Womanchild Depo. at 18:16-23:17; Womanchild Decl. Exs. C-E. This evidence is sufficient to establish a genuine issue of material fact that Ms. Womanchild has a disability.

The court assumes, for purposes of this motion, that Ms. Womanchild was "otherwise qualified" to perform her duties at the VA. Much of the parties' briefing is directed to vigorously disputing this issue. Ms. Womanchild offers evidence that her performance was adequate, and that the VA did not express dissatisfaction with her until the last few months of her employment. She also offers evidence that any performance deficiencies were the result of the VA's failure to provide her with adequate training or supervision. The VA relies on evidence from Ms. Womanchild's supervisors who evaluated Ms. Womanchild and found her performance to be below acceptable levels. Even if this dispute were amenable to resolution on summary judgment, the court's disposition of this motion makes a resolution unnecessary.

Ms. Womanchild's Rehabilitation Act claim fails because she offers no evidence from which a reasonable jury could conclude that her disability was a motivating factor behind any discrimination she suffered. To the extent that she claims a failure to accommodate her disability, her claims must fail. The record reveals two instances in which Ms. Womanchild requested accommodation. First, she requested a telephone headset in April 2005. Capron Decl. (1st), Ex. C; Womanchild Depo. at 65:17-25. By May 11, 2005, the VA had provided a headset. *Id.* Ms. Womanchild's objection to this headset was that it was too elaborate. Womanchild Depo. at 66:1-5. She ultimately purchased a "cheapo" headset in July 2005, and the VA reimbursed her. *Id.* at 62:22-

ORDER – 6

67:11; Capron Decl., Ex. B.  There is no evidence from which a reasonable factfinder could conclude that the VA failed to accommodate Ms. Womanchild's headset request.  The same is true of Ms. Womanchild's request for an air purifier.  She made the request on April 10, 2006.[2]  Womanchild Depo. at 62:23-63:19.  The VA provides evidence that it quickly began the process of requisitioning an air purifier.  Capron Decl. ¶ 8.  It abandoned the process only after the decision to not hire Ms. Womanchild had been made.  *Id.*  Ms. Womanchild offers no evidence to contradict the VA's evidence that it attempted to accommodate her disability.

Putting aside any allegations of failure to accommodate Ms. Womanchild's disability, her claim that she was not offered permanent employment because of her disability is also unsupported.  Even Ms. Womanchild admits that she does not know what motivated the VA's decision.  When asked whether the decision was "because of your . . . disability," she responded "I am not a mind reader . . . I do not know," and "I do not know.  Don't know, can't tell you.  Ask [my supervisor]."  Womanchild Depo. at 92:9-92:17.  Her supervisor, however, avers that she decided not to make her a permanent employee for performance reasons.  Scherich Decl. ¶¶ 3-9.  Moreover, Ms. Womanchild testified that she made the VA aware of her disability throughout her nearly two-year tenure.  *Id.* at 62:1-10 ("I'm very open about it, very open.").  She offers no evidence of

---

[2] The record reveals that Ms. Womanchild submitted a terse "prescription" from her physician to the VA on February 3, 2006.  Womanchild Decl. Ex. C; Womanchild Depo. at 73:1-74:1.  Because the prescription contained virtually no explanation of Ms. Womanchild's condition or the recommended accommodation, Ms. Womanchild's supervisor requested additional information, which she received in the form of a letter from Ms. Womanchild's physician on April 6, 2006.  Womanchild Decl. Ex. D; Capron Decl. ¶ 7.  Her supervisor began the accommodation process thereafter.  Capron Decl. ¶ 8.  It does not appear that Ms. Womanchild claims that the VA's request for additional information is unlawful, nor could she sustain such a claim.  *Vinson v. Thomas*, 288 F.3d 1145, 1153 (9th Cir. 2002) ("A public agency may require reasonable evidence of a disability before providing accommodations.").

ORDER  – 7

adverse employment actions during that time, or any other indicia of disability discrimination. Indeed, the only evidence bearing on the VA's approach to Ms. Womanchild's disability is that it satisfied her requests for accommodation. It is undisputed that Ms. Womanchild's employment was set to terminate in June 2006 under the terms of SCEP, solely because her graduate school enrollment would terminate at the same time. There is no evidence from which a reasonable factfinder could causally connect Ms. Womanchild's disability with the VA's decision not to make her a permanent employee.

Finally, the court notes that although Ms. Womanchild did not expressly raise a claim of retaliation, her complaint and opposition to this motion suggest that she believes that the VA declined to make her employment permanent in retaliation for her requests for accommodation. A plaintiff can use the Rehabilitation Act to assert retaliation claims. *Coons v. Sec'y of the United States Dep't of the Treasury*, 383 F.3d 879, 887 (9th Cir. 2004). A retaliation claim requires the plaintiff to show that she engaged in a protected activity (like requesting a disability accommodation), an adverse employment action, and a causal link between the protected activity and the adverse action. *Id.*

Ms. Womanchild's retaliation claim fails for the same reason as her other discrimination claims: she has no evidence from which a reasonable jury could infer causation. The sole evidence Ms. Womanchild offers is the temporal proximity between her April 2006 request for accommodation and the VA's decision to notify her in May 2006 that it would not hire her as a permanent employee. Although "in some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity," *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002), this is not such a case. As previously noted, the timing of the VA's decision not to hire Ms. Womanchild was beyond either Ms. Womanchild's or the VA's

ORDER – 8

control. SCEP rules dictated that the VA had to notify Ms. Womanchild whether it would choose to hire her at the conclusion of her studies. In this case, Ms. Womanchild's request for disability accommodation (a request that the VA granted, according to unchallenged evidence) came, by coincidence, at the time her SCEP employment was set to expire. Were the court to find that timing alone was sufficient to show causation in this case, it would set the precedent that any SCEP employee need simply engage in a protected activity just before the end of his employment term in order to take a discrimination claim to a jury. Such a result is clearly at odds with Ninth Circuit precedent. *Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003) ("There is no set time beyond which acts cannot support an inference of retaliation, and there is no set time within which acts necessarily support an inference of retaliation.").

The court concludes that there is no genuine issue of material fact regarding an essential element of Ms. Womanchild's claims under the Rehabilitation Act, and that the VA is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Defendant's summary judgment motion (Dkt. # 16) and DISMISSES this action. The court directs the clerk to enter judgment for Defendant.

Dated this 13th day of March, 2008.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9